IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,072






EX PARTE JOHN SHINAULT, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NUMBER 773875 IN THE 184TH JUDICIAL 

DISTRICT COURT HARRIS COUNTY 





 Per Curiam.



O P I N I O N



 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07 of the Texas Code
of Criminal Procedure. Ex parte Young, 418 S.W.2d 824 (Tex. Crim. App. 1967). Applicant
was convicted of the third degree felony offense of injury to a child. Applicant's sentence
was assessed at five years confinement in addition to a fine in the amount of $500. Applicant
did not appeal this conviction.

 In the instant application, Applicant contends that he was denied adequate notice that
he would be considered for release on mandatory supervision by the Texas Board of Pardons
and Paroles under the discretionary mandatory supervision statute, Article 42.18, Section 8(c)
of the Code of Criminal Procedure. 

 Based on documentation provided by the Texas Department of Criminal Justice,
Review and Release Processing Division, the trial court has entered findings stating that
Applicant "did not receive notice of the specific month and year that he would be considered
for discretionary mandatory supervision release" prior to the Parole Board's February 2004
decision to deny his release on mandatory supervision. Based on our recent opinion in Ex
parte Retzlaff, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004), we find that Applicant is entitled
to relief. The Board shall review Applicant for release on mandatory supervision within
sixty days of the date that the Court's opinion is issued. In doing so, the Board shall provide
Applicant with timely notice of the review, which is to be held before the fifty-ninth day, and
give Applicant at least thirty days to submit any explanatory material he desires for the
Board's consideration when making their determination. 

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice,
Correctional Institutions Division, Review and Release Division, and the Board of Pardons
and Paroles Division.


DELIVERED: January 26, 2005

DO NOT PUBLISH